UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X 11 CV 174 (ENV)(ALC)
DERRICK BAXTON,
                      Plaintiff,

                                                  AMENDED COMPLAINT

   -against-

                                                  JURY DEMAND

THE CITY OF NEW YORK, SERGEANT DOMINICK
MARANZANO (Shield # 3571), DETECTIVE BRIAN
WOOD (Shield # 5728), DETECTIVE CHRISTOPHER
W. WARD (Shield # 6633), DETECTIVE DEMOS
MARINAKOS (Shield # 7028), DETECTIVE PHILIP
SMITH (Shield # 7158), DETECTIVE JENNIFER
LAVELLE (Shield # 1394), DETECTIVE DENNIS
FRIENDLY (Shield # 2755), DETECTIVE ANDREW
PRENDERGAST (Shield # 3769), UNDERCOVER
POLICE OFFICER # C0217, UNDERCOVER POLICE
OFFICER # C0115 and UNDERCOVER POLICE
OFFICER # C0209,
                                    Defendants.
------------------------------------------------------------------------X

Plaintiff DERRICK BAXTON, by his attorney(s), THE LAW OFFICES OF WALE MOSAKU, P.C., complaining of the defendants, THE CITY OF NEW YORK, SERGEANT DOMINICK MARANZANO (Shield # 3571), DETECTIVE BRIAN WOOD (Shield # 5728), DETECTIVE CHRISTOPHER W. WARD (Shield # 6633), DETECTIVE DEMOS MARINAKOS (Shield # 7028), DETECTIVE PHILIP SMITH (Shield # 7158), DETECTIVE JENNIFER LAVELLE (Shield # 1394), DETECTIVE DENNIS FRIENDLY (Shield # 2755), DETECTIVE ANDREW PRENDERGAST (Shield # 3769), UNDERCOVER POLICE OFFICER # C0217, UNDERCOVER POLICE OFFICER # C0115 and UNDERCOVER POLICE OFFICER # C0209 (collectively referred to as the Defendants), upon information and belief, alleges as follows:

<u>NATURE OF THE ACTION</u>

       1.       This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities

        secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §§ 1982, 1983 and 1985, [and arising under the law and statutes of the State of New York].

## JURISDICTION

2.    The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3.    All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

4.    As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

5.    All conditions precedent to the filing of this action have been complied with. On April 30, 2010, within ninety days after the claims alleged in this complaint arose, a written notice of claim, sworn to by the plaintiff, was served upon the defendant City of New York, by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be

delivered in an action in the applicable Courts. Plaintiff's claim was assigned the Claim No. 10PI017989.

6. At least thirty days have elapsed since the service of the above-mentioned notice of claim, and adjustment or payment of the claim has been neglected and/or refused.

7. This action, pursuant to New York State and City Law, has been commenced within one year after the happening of the event upon which the claim is based.

## THE PARTIES

8. Plaintiff is a resident of the County of Kings, City and State of New York. Plaintiff is a black male of full age.

9. At all relevant times, SERGEANT DOMINICK MARANZANO (Shield # 3571), DETECTIVE BRIAN WOOD (Shield # 5728), DETECTIVE CHRISTOPHER W. WARD (Shield # 6633), DETECTIVE DEMOS MARINAKOS (Shield # 7028), DETECTIVE PHILIP SMITH (Shield # 7158), DETECTIVE JENNIFER LAVELLE (Shield # 1394), DETECTIVE DENNIS FRIENDLY (Shield # 2755), DETECTIVE ANDREW PRENDERGAST (Shield # 3769), UNDERCOVER POLICE OFFICER # C0217, UNDERCOVER POLICE OFFICER # C0115 and UNDERCOVER POLICE OFFICER # C0209 (hereinafter "defendant officers") were, and upon information and belief, still are, law enforcement officers employed by the Police Department of the City of New York.

10. At all times herein, defendant officers were employed as law enforcement officers of the City of New York, State of New York, and was acting under the color of their official capacity and their acts as alleged herein, were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were the servants, agents, and employees of their

|     |     |
| --- | --- |
|     | co-defendant, the City of New York, so that their acts are imputed to the City of New York and its Police Department. |
| 11. | At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, through its Police Department, namely New York City Police Department, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York. |
| 12. | Plaintiff sues all defendants in their individual and official capacities. |

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

|     |     |
| --- | --- |
| 13. | On or about 5th of February, 2010 at approximately 11:00 a.m., in front of the premises known as 333 Georgia Avenue, in Brooklyn, Kings County, New York City and State (hereinafter "subject premises"), the plaintiff was falsely arrested and/or caused to be arrested without probable cause by the defendant officers. |
| 14. | At the above-referenced place and time, the plaintiff, who was coming from a corner store located at the intersection of Sutter Avenue and Georgia Avenue where he had purchased a sandwich, was going to his sister's residence, located at 333 Georgia Avenue, #1G, in Brooklyn, Kings County, New York City and State. |
| 15. | As the plaintiff was about to enter the subject premises, the defendant officers exited a black vehicle, approached the plaintiff, and asked him if he lived in the subject premises. The plaintiff informed them that he did not, but that his sister did. The officers then searched the plaintiff, but found nothing illegal. The plaintiff was then told to turn around. When he did so the plaintiff was handcuffed. When the plaintiff asked why he was being handcuffed, he was told by the defendant officers that he was being handcuffed for the officers' protection. |

16. The plaintiff was taken to the 75th precinct, and where he was illegally strip-searched. Nothing illegal was found on the person of the plaintiff.

17. Upon arrival at the precinct, the plaintiff, without any basis or justification, was accused of having been observed by Undercover Police Officer # C0217, while engaged in an illegal narcotic transaction with a person named Edwin Noriega (who was also arrested, and assigned the arrest # K10612287), wherein the plaintiff purportedly gave Mr. Noriega a quantity of the narcotic Methadone in return for money.

18. The defendant officers allegations were in fact false and untrue. Indeed, the allegations against the plaintiff were concocted by the defendant officers, partly in retaliation for the plaintiff having previously filed a federal action against defendant Detective Brian Wood.

19. The plaintiff was taken to central booking, and later arraigned before a judge in Kings County Criminal Court, under the docket number 2010KN009773.

20. At arraignment, bail was set in an amount the plaintiff could not afford to post. As such, the plaintiff was remanded to the Rikers Island Correctional Facility ("Rikers").

21. The plaintiff was released from Rikers on or about February 11, 2010, at approximately 03:00 a.m.

22. On December 13, 2010, the criminal matter was adjourned in contemplation of dismissal ("ACD").

## CAUSE(S) OF ACTION: FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

23. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 22 of this complaint as though fully set forth herein.

24. The above-described respective arrest, detention and imprisonment of the plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

25. As a result of the plaintiff's above-described false arrest and imprisonment, he has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, and has been otherwise damaged in his character and reputation.

26. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

27. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

<u>CAUSE OF ACTION: UNLAWFUL SEARCH UNDER 42 U.S.C § 1983</u>

28. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 27 of this complaint as though fully set forth herein.

29. Following the plaintiff's arrest, the defendants searched and subsequently strip-searched and/or caused the plaintiff to be strip-searched, without any individualized reasonable suspicion that he was concealing weapons or contraband.

30. As a result of the foregoing, the plaintiff was subjected to illegal and improper searches and strip searches.

31. The foregoing unlawful searches and strip searches violated the plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

32. As a consequence of said defendants' actions, the plaintiff suffered humiliation, mental anguish, depression, and his constitutional rights

were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

## CAUSE OF ACTION: FAILURE TO INTERVENE/INTERCEDE UNDER 42 U.S.C § 1983

33. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 32 of this complaint as though fully set forth herein.

34. Each and every individual defendant had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.

35. The individual defendants failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so.

36. As a consequence of said defendants' actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, and the plaintiff's constitutional rights were violated. The plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

## CAUSE OF ACTION: DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER 42 U.S.C § 1983 DUE TO THE FABRICATION OF EVIDENCE

37. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 36 of this complaint as though fully set forth herein.

38. The individual defendants created false evidence against the plaintiff.

39. The individual defendants forwarded false evidence and false information concerning the plaintiff to the prosecutors in the Kings County District Attorney's office.

40. The individual defendants provided false testimony throughout the criminal proceedings.

41. By creating false evidence against the plaintiff; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, the defendants violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

42. As a consequence of said defendants' actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, and the plaintiff's constitutional rights were violated. The plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

CAUSE OF ACTION: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983

43. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 42 of this complaint as though fully set forth herein.

44. The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

45. The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York and its police department.

46. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and its police department include, but are not limited to the following unconstitutional practices:

    a. Wrongfully arresting individuals on the pretext that they are/were involved in illegal acts;

        b. manufacturing evidence against individuals allegedly involved in illegal acts; and

        c. arresting innocent persons in order to meet "productivity" goals (i.e. arrest quotas).

47.    The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts.

48.    The existence of the aforesaid unconstitutional customs and policies may also be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals".

49.    Furthermore, the existence of the aforesaid unconstitutional customs and policies may also be inferred from the ruling (Docket entry 32) of the Court, in the case(s) of <u>Jose Colon v. City of New York</u>, et al (09-cv-8) and <u>Maximo Colon v. City of New York</u>, et al (09-cv-9), wherein the Court stated, *inter alia*, that "*Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the New York City Police Department*", and that "*there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving the illegal conduct of the kind now charged*".

50.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, constituted a deliberate indifference to the safety, well-being and constitutional rights of all defendants, including but not limited to the plaintiffs; were the proximate cause of, and moving force behind, the constitutional violations suffered by the plaintiffs as alleged herein, and deprived

plaintiffs of the following rights, privileges and immunities secured to him/her by the Constitution of the United States:

(a) The right of the plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b ) The right of the plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

(c) The right to be free from unreasonable detention and/or continued detention without probable cause in that the plaintiff was detained and subsequently prosecuted.

51. As a result of the actions of the defendants, the plaintiff was deprived of his rights, privileges, and immunities secured by the United States Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the laws of New York State, without just or legal cause when defendant City, by its employees and/or agents unlawfully arrested and imprisoned said plaintiff thereby depriving said plaintiff of his liberty without due process of law.

52. The defendant officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated said plaintiffs constitutional and civil rights, and the City of New York is therefore responsible for their acts, and liable to the plaintiff for the damages he suffered.

53. The actual principal/agent relationship between the City and the defendant officers was created by the fact they were employees of defendant City, and the City had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers.

54. The defendants' actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiffs were false and untrue.

WHEREFORE, the plaintiff respectfully prays for judgment as follows:

1. For compensatory damages against each and all defendants in an amount to be proven at trial;
2. For exemplary and punitive damages against each and all defendants in an amount to be proven at trial;
3. For costs of suit herein, including the plaintiff's reasonable attorney's fees; and;
4. For such other and further relief as the court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, each plaintiff demands a trial by jury.

Dated: Brooklyn, New York
May 27, 2011

LAW OFFICES OF WALE MOSAKU, P.C.

By: /s/

Wale Mosaku (AM5872)
Attorney(s) for the Plaintiff
25 Bond Street, 3rd Floor
Brooklyn, N.Y. 11201
(718) 243-0994

TO:

Karl Ashanti, Esq.
Assistant Corporation Counsel
City of New York Law Department
Attorney(s) for Defendants
CITY OF NEW YORK, BRIAN WOOD and CHRISTOPHER WARD
100 Church Street
New York, N.Y. 10007
(212) 227-0414

SERGEANT DOMINICK MARANZANO (Shield # 3571)
Defendant Pro Se
New York City Police Department
Narcotics Borough Brooklyn North
1 Police Plaza, Room 1100
New York, N.Y. 10038

DETECTIVE DEMOS MARINAKOS (Shield # 7028)
Defendant Pro Se
New York City Police Department
Narcotics Borough Brooklyn North
1 Police Plaza, Room 1100
New York, N.Y. 10038

DETECTIVE PHILIP SMITH (Shield # 7158)
Defendant Pro Se
New York City Police Department
Narcotics Borough Brooklyn North
1 Police Plaza, Room 1100
New York, N.Y. 10038

DETECTIVE JENNIFER LAVELLE (Shield # 1394)
Defendant Pro Se
New York City Police Department
Narcotics Borough Brooklyn North
1 Police Plaza, Room 1100
New York, N.Y. 10038

DETECTIVE DENNIS FRIENDLY (Shield # 2755)
Defendant Pro Se
New York City Police Department
Narcotics Borough Brooklyn North
1 Police Plaza, Room 1100
New York, N.Y. 10038

DETECTIVE ANDREW PRENDERGAST (Shield # 3769)
Defendant Pro Se
New York City Police Department
Narcotics Borough Brooklyn North
1 Police Plaza, Room 1100
New York, N.Y. 10038

UNDERCOVER POLICE OFFICER # C0217
Defendant Pro Se
New York City Police Department
Narcotics Borough Brooklyn North

1 Police Plaza, Room 1100
New York, N.Y. 10038

UNDERCOVER POLICE OFFICER # C0115
Defendant Pro Se
New York City Police Department
Narcotics Borough Brooklyn North
1 Police Plaza, Room 1100
New York, N.Y. 10038

UNDERCOVER POLICE OFFICER # C0209
Defendant Pro Se
New York City Police Department
Narcotics Borough Brooklyn North
1 Police Plaza, Room 1100
New York, N.Y. 10038